# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 20, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| RANDALL BAZELL, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 20-742V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Alison H. Haskins*, Maglio Christopher & Toale PA (FL), Sarasota, Florida, for Petitioner.
*Mary E. Holmes*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 25, 2023, Randall Bazell ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 52). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$169,023.22.**

I.   **Procedural History**

On June 22, 2020, Randall Bazell ("petitioner") filed a claim in the National Vaccine Injury Compensation Program. Petition (ECF No. 1).[2] Petition (ECF No. 1). Petitioner alleged as a result of receiving a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine on September 18, 2018, he suffered Guillain-Barre Syndrome ("GBS"). *Id*.  On November 17, 2022, the parties filed a

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 47).

On April 25, 2023, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for his attorney, Ms. Alison Haskins, in the total amount of $169,023.22, representing $135,764.30 in attorneys' fees and $33,258.92 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants he has not personally incurred any costs in pursuit of his claim. Fees App. Ex. 4. Respondent reacted to the fees motion on May 4, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 53). Petitioner filed his reply on May 4, 2023, requesting the requested fees and costs be awarded in full. (ECF No. 54).

The matter is now ripe for adjudication.

## II. Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. *See Florence v. Sec'y of Health & Human Servs.*, No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez*, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Petitioner requests the following rates for the work of his counsel, Ms. Alison Haskins; the rate of $387.00 per hour for time billed in 2019, $414.00 per hour for time billed in 2020, $440.00 per hour per hour for time billed in 2021, $460.00 per hour for time billed in 2022, and $492.00

per hour for time billed in 2023. These rates are consistent with what Ms. Haskins has previously been awarded for her Vaccine Program work and I find them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $135,258.92.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $33,258.92. This amount is comprised of acquiring medical records, the Court's filing fee, and expert services for economic services performed by LitCon Group. Fees App. Ex. 4. Petitioner has provided adequate documentation supporting all of his requested costs and Respondent also has not identified any particular costs as objectionable. Petitioner is therefore awarded the full amount of costs sought.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $135,764.30 |
|---|---|
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$135,764.30** |
| | |
| Attorneys' Costs Requested | $33,258.92 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$33,258.92** |
| | |
| **Total Attorneys' Fees and Costs** | **$169,023.22** |

**Accordingly, I award the following: a lump sum in the amount of $169,023.22, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorney, Ms. Alison Haskins.[3] Petitioner requests check be forwarded to mctlaw, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).